IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30528
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

BRAD KING,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-30001-ALL
--------------------
January 24, 2003

Before HIGGINBOTHAM and DAVIS, Circuit Judges, and HUDSPETH[*], District Judge:

PER CURIAM:[**]

    Brad King appeals his conviction and sentence for receipt of child pornography.  Prior to sentencing, King moved to withdraw his guilty plea based on the new Supreme Court decision in *Ashcroft v. Free Speech Coalition*.[1]  In that case, the Supreme Court held that

_____

[*]  District Judge of the Western District of Texas, sitting by designation.

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  122 S.Ct. 1389 (2002).

the prohibitions of 18 U.S.C. §§ 2256(8)(B) and (D) involving "virtual" child pornography were overbroad and unconstitutional.[2] The district court denied King's motion, finding that he had stipulated that the images in his case depicted actual minors, and therefore the decision in *Free Speech Coalition* did not apply to his case.

The stipulations in this case are ambiguous, and could refer to images of "actual" minors or to completely "virtual" images of minors merely appearing to engage in sexually explicit conduct. We have previously allowed withdrawal of pleas based upon intervening Supreme Court decisions.[3]

We conclude that King demonstrated a "fair and just" reason for withdrawing his plea.[4] The judgment of the district court is VACATED, and this case is REMANDED for further proceedings.

---

[2] *Id.* at 1405-06.

[3] *See United States v. Presley*, 478 F.2d 163, 167-68 (5th Cir. 1973) (holding that the defendants possibly could show that an intervening decision applied, they had raised the issue at the earliest possible time, and the Government was not substantially prejudiced by its reliance on prior pleas).

[4] *See* FED. R. CIV. P. 32(e).

2